JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:24-cv-06326-AB-SSC | Date: | October 10, 2024 |
|---|---|---|---|

| Title: | *Shianne Hollander v. McGriff Insurance Services, LLC et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER <u>**GRANTING**</u> MOTION TO REMAND [Dkt. No. 16]

Before the Court is Plaintiff Shianne Hollander's ("Plaintiff") Motion to Remand ("Motion," Dkt. No. 16). Defendants McGriff Insurance Services ("Defendant") filed an opposition and Plaintiff filed a reply. (Dkt. Nos. 22, 24.) The Court finds this matter appropriate for decision without oral argument and **<u>VACATES</u>** the hearing set for October 11, 2024. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, Plaintiffs' Motion is **<u>GRANTED</u>**.

**I.    BACKGROUND**

Plaintiff's First Amended Complaint ("FAC," Dkt No. 1-2), originally filed in state court, alleges that Defendant and individual defendants Mark Russ, Michael Breedlove, and Michael Martini induced her to leave her former employment and to work instead for Defendant based on false promises relating to work-life balance, adequate support from the company, and the ability to expand her business and increase her income; induced her to unwittingly sign a contract that differed in material respects from what they agreed to; and created a hostile

work environment and discriminated against her, resulting in her hospitalization. Based on such allegations, Plaintiff's FAC asserts six state-law causes of action: (1) fraud; (2) negligent misrepresentation; (3) breach of contract; (4) gender discrimination; (5) harassment/hostile work environment; and (6) retaliation.

On July 26, 2024, Defendant removed this action from state court, invoking this Court's diversity jurisdiction. Plaintiff, a citizen of California, now moves to remand the action, arguing that defendant Mark Russ was also citizen of California when the suit was commenced, and therefore there is not complete diversity. Defendant McGriff opposes, arguing that Russ is a fraudulently-joined sham defendant whose California citizenship must be disregarded for purposes of determining whether there is complete diversity of citizenship.

There is no dispute that the amount in controversy is satisfied: Plaintiff's FAC alleges that the Defendants' conduct harmed her "in an amount no less than $10 million." FAC ¶ 28. The only issue is whether Defendant Russ was fraudulently joined.

## II.   LEGAL STANDARD

### A. Removal Jurisdiction

28 U.S.C. § 1441(a) ("Section 1441") provides that a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1332 ("Section 1332") provides that a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Section 1332(a)(1) requires complete diversity, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Section 1441(b)(2) further limits removal based on diversity jurisdiction to cases where no defendant "properly joined and served ... is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Martinez v. Los Angeles World Airports*, 2014 WL 6851440, at *2 (C.D. Cal. Dec. 2, 2014). Thus, "[f]ederal

jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B. Fraudulent Joinder

A non-diverse party may be disregarded for purposes of determining whether jurisdiction exists if the court determines that the party's joinder was "fraudulent" or a "sham." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal citation omitted).

"Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (citing Moore's Federal Practice (1986) ¶ O.161). In practice, the burden of proving fraudulent joinder is a heavy one, *Gaus*, 980 F.2d at 566, as the defendant must prove fraudulent joinder by clear and convincing evidence. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir.1998)).

Courts have characterized a defendant's heavy burden as reflecting a presumption against fraudulent joinder that a defendant can overcome only by establishing the following. First, the removing party must prove there is "no possibility that plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). "[M]erely showing that an action is likely to be dismissed against that defendant does not demonstrate fraudulent joinder." *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Lieberman v. Meshkin, Mazandarani*, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). Second, it must appear to "a near certainty" that joinder was fraudulent. *Lewis v. Time, Inc.*, 83 F.R.D. 455, 466 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983). Finally, the court must resolve disputed questions of fact and all

ambiguities in state law in favor of the plaintiffs. *Bravo v. Foremost Insurance Group*, 1994 WL 570643 at * 2 (N.D. Cal. Oct. 11, 1994). It therefore follows that the defendant "must show that the relevant state law is so well settled that plaintiff 'would not be afforded leave to amend his complaint to cure th[e] purported deficiency.' " *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1063 (C.D. Cal. 2012) (quoting *Burris v. AT & T Wireless, Inc.*, No. 06–02904 JSW, 2006 WL 2038040, *2 (N.D. Cal. Jul. 19, 2006).

Thus, "[r]emand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [any] purported deficiency.' " *Padilla v. AT & T Corp.*, 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009); *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002) ("If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand."). "Merely a 'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of [the] fraudulent joinder doctrine." *Gonzalez v. J.S. Paluch Co.*, 2013 WL 100210, at *4 (C.D. Cal. Jan. 7, 2013) (internal quotations omitted); accord *Ballesteros v. American Standard Ins. Co. of Wisconsin*, 436 F. Supp. 2d 1070, 1072 (D. Ariz. 2006) (same) (citing *Mayes v. Rapoport*, 198 F.3d 457, 463-64 (4th Cir. 1999); *see also Warner v. Select Portfolio Servicing*, 193 F. Supp. 3d 1132, 1136 (C.D. Cal. 2016) (aptly summarizing the "immense burden" removing defendants must satisfy to establish fraudulent joinder). Finally, "[in] considering the validity of plaintiff's claims, 'the [c]ourt need only determine whether the claim seems valid' which is not the same as the standard in either a motion to dismiss or a motion for summary judgment." *Sabag v. FCA US, LLC*, No. 16-cv-06639-CAS, 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016) (quoting *Freeman v. Cardinal Health Pharm. Servs., LLC*, No. 14-cv-01994-JAM, 2015 WL 2006183, at *3 (E.D. Cal. 2015)).

## III.   DISCUSSION

Plaintiff contends that while the FAC alleges six causes of action, she intends to pursue only three—for fraud, negligent misrepresentation, and harassment/hostile work environment—against the individual defendants, including Russ. Plaintiff argues that Defendant has not applied the correct test to establish fraudulent joinder, and therefore has not met its heavy burden. Plaintiff further argues that Defendant cannot meet this burden because at a minimum, she would be given leave to amend any deficient claims and could do so.

The Court begins by noting that Defendant does not contend that such claims are unavailable as a matter of law against the individual defendants due to, for example, a state law privilege. *See, e.g., McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (individual defendants were fraudulently joined because claims against them could not stand in light of a state law privilege). Rather, Defendant argues that Plaintiff has not adequately pled her claims under Fed. R. Civ. P. 12(b)(6), and that she will not be able to.

The Court has reviewed the FAC. The pleading does appear to be deficient in some respects. For example, the fraud claim and the negligent misrepresentation claim appear to lack the specificity Fed. R. Civ. P. 9(b) requires: while Plaintiff has alleged what representations were made to her, and generally when (during the recruitment process), she attributes the allegations to the individual defendants in gross and not to Russ in particular. But this is a shortcoming that Plaintiff would be given leave to amend to cure. Plaintiff also asserts that she can bolster these claims by alleging specific dates and locations where these representations were made. Defendant invites the Court to determine that Plaintiff cannot plead justifiable reliance because she was able to (and did) review the revised contract before she signed it, but the fraud and negligent misrepresentation claims do not rest solely on the revised contract, so the Court need no delve into that question, especially not on a fraudulent joinder analysis. Defendant also argues that Plaintiff cannot establish a *negligent* misrepresentation claim where she has alleged that the same conduct is fraudulent and thus *intentional*, but Plaintiff has pled these theories in the alternative. Defendant also argues that the negligent misrepresentation claim is barred by the 2-year statute of limitations and by the Worker's Compensation Act ("WCA"), but Plaintiff has shown that a 3-year statute applies, and that the WCA may not apply, so these arguments do not establish that Plaintiff has no possibility of prevailing on the negligent misrepresentation claim.

The harassment/hostile work environment claim alleges conduct that may constitute the substance of such a claim: that Plaintiff was subjected to "persistent discrimination, harassment, and bullying" and "persistent sexual harassment" including "comments regarding her physical appearance and the constant dissemination among colleagues of her personal and confidential information," and that as a result, she needed to be hospitalized. *See* FAC ¶¶ 24, 25, 57. Insofar as these allegations appear too conclusory, certainly Plaintiff would be given leave to amend. This claim also alleges the conduct of the three individual defendants in gross, saying they all participated in this behavior (FAC ¶ 58), but again, Plaintiff would be given leave to amend to allege Russ's conduct.

Finally, Defendant places much emphasis on the fact that Plaintiff already amended her complaint once to argue that any further amendment would be futile and she should not get another chance to do so. But Plaintiff first amended her complaint without any court adjudicating its sufficiency. Furthermore, California law provides that "leave to amend must be granted" where "there is a reasonable possibility that the defect can be cured by amendment." *Milligan v. Golden Gate Bridge Highway & Trans. Dist.*, 120 Cal. App.4th 1, 6 (2004). Considering the allegations already pled and Plaintiff's averments that she can plead additional facts to cure any deficiencies, it appears most likely that California Courts would allow her to amend.

The Court therefore finds that Defendant has not met its "immense burden" of showing to "a near certainty" that there is "no possibility" that Plaintiff will be able to establish a cause of action in State court against Russ. Given the existing allegations supporting her claims for fraud, negligent misrepresentation, and harassment/hostile work environment, and the lack of a legal bar against those claims, there is at least a "glimmer of hope" that Plaintiffs can establish a claim against Russ. Moreover, Defendant has not shown that Plaintiff would not be afforded leave to amend her Complaint to cure any pleading deficiencies. *See Mireles*, 845 F. Supp. 2d at 1063. Because Defendant has not established that Defendant Russ was fraudulently joined, his citizenship must be considered. Because Plaintiff and Russ were both citizens of California when Plaintiff filed this action, complete diversity does not exist and the Court lacks subject matter jurisdiction. Plaintiff's Motion for Remand is therefore **GRANTED**.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **GRANTED**. This action is hereby **REMANDED** to the State Court from which it was removed,

**IT IS SO ORDERED**.